**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Chapter 11 Cases |
| National Steel Corporation, et al., ) | Case No. 02 B 08699 |
| ) | (Jointly Administered) |
| Reorganized Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| NSC Creditor Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Adversary No._____ |
| Health Alliance Plan, ) | Honorable John D. Schwartz |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS**

Plaintiff, the NSC Creditor Trust (the "Trust"), by and through its attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, and pursuant to Sections 547 and 550 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), brings this adversary proceeding to avoid and recover certain preferential transfers made to Health Alliance Plan (the "Defendant"), and respectfully alleges as follows:

**INTRODUCTION**

1. This is an adversary proceeding filed pursuant to Sections 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 7001(1) to avoid certain preferential transfers made by one or more of the Debtors (as defined below) during the period of time from December 6, 2001 through and including March 5, 2002 (the "Preference Period") and to recover from the Defen-

dant the amount of such preferential transfers, plus interest where applicable, for the benefit of the creditors of each of the respective Debtors.

## PARTIES

2. On March 6, 2002 (the "Petition Date"), National Steel Corporation ("National Steel") and certain of its affiliates and subsidiaries (collectively with National Steel, the "Debtors" or the "Reorganized Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On June 20, 2003, the Debtors filed their Joint Plan of Liquidation, as modified, (the "Plan"). On October 23, 2003, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") entered an order confirming the Plan. The Plan became effective on December 19, 2003 (the "Effective Date").

4. Pursuant to Section 4.11(a) of the Plan, the Reorganized Debtors retained the right to enforce, sue on, settle or compromise all causes of action, including Avoidance Actions (as that term is defined in the Plan), that the Debtors may have against any person or entity.

5. Pursuant to the Plan and the National Steel Corporation Creditor Trust Agreement (the "Trust Agreement"), all assets of the Debtors and Reorganized Debtors not transferred to the NKK Litigation Trust, including the right to sue on the Avoidance Actions, were transferred to the Trust on the Effective Date.

6. Plaintiff, the Trust, brings this Complaint pursuant to the terms of the Plan and the Trust Agreement.

7. Defendant is Health Alliance Plan.

## JURISDICTIONAL ALLEGATIONS

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises in or under, and is related to, the above-captioned cases pending before the Bankruptcy Court.

9. This adversary proceeding constitutes a "core" proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

# COUNT I
## (Avoidance of Preferential Transfers by National Steel Pursuant to 11 U.S.C. § 547)

11. The Trust incorporates by reference the allegations set forth in Paragraphs 1 through 10 hereof, as if fully restated herein.

12. On one or more occasions during the Preference Period, National Steel transferred, or caused or allowed to be transferred, an interest in National Steel's property in an aggregate amount of $2,150,801.97 directly to or for the benefit of the Defendant (the "National Steel Transfers").

13. The National Steel Transfers are detailed on Exhibit A attached hereto.

14. The Defendant was a creditor, within the meaning of 11 U.S.C. § 101(10)(A), of National Steel at the time of the National Steel Transfers.

15. The National Steel Transfers were to or for the benefit of the Defendant, within the meaning of 11 U.S.C. § 547(b)(1), because the National Steel Transfers either reduced or fully satisfied a debt then owed by National Steel to the Defendant.

16. The National Steel Transfers were made on account of an antecedent debt owed by National Steel before the National Steel Transfers were made. See 11 U.S.C. § 547(b)(2).

17. National Steel was insolvent throughout the Preference Period because the sum of its debts was greater than the fair value of its assets. See 11 U.S.C. §§ 547(b)(3) and 101(32)(A).

18. In receiving the National Steel Transfers, the Defendant received more than the Defendant would have received if: (i) National Steel had filed its bankruptcy petition under Chapter 7 of the Bankruptcy Code; (ii) the National Steel Transfers had not been made; and (iii) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code. See 11 U.S.C. § 547(b)(5).

19. Prior to the filing of this Complaint, the Trust sent a letter to the Defendant demanding that the Defendant repay the National Steel Transfers. The Defendant has failed and/or refused to repay the National Steel Transfers in whole or in part.

WHEREFORE, the Trust respectfully requests that this Court enter a judgment in its favor and against the Defendant on Count I as follows: (i) declaring that the National Steel Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b); and (ii) granting such other and further relief as the Court deems just and equitable.

### COUNT II
**(Recovery of Avoided Transfers by National Steel Pursuant to 11 U.S.C. § 550)**

20. The Trust incorporates by reference the allegations set forth in Paragraphs 1 through 19 hereof, as if fully restated herein.

21. The National Steel Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547(b), may be recovered by the Trust pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Trust requests that this Court enter judgment in its favor and against the Defendant on Count II as follows: (i) declaring that the Trust may recover the National Steel Transfers from the Defendant pursuant to 11 U.S.C. § 550(a)(1); (ii) ordering Defendant to pay to the Trust the aggregate amount of the National Steel Transfers, plus all interest that has accrued since the date that the Trust demanded the return of the National Steel Transfers; and (iii) granting such other and further relief as the Court deems just and equitable.

### COUNT III
**(For Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d) and 550)**

22. The Trust incorporates by reference the allegations set forth in Paragraphs 1 through 21 hereof, as if fully restated herein.

23. Section 502(d) of the Bankruptcy Code provides that unless an entity or transferee receiving a payment that is avoidable under § 547 of the Bankruptcy Code has paid the amount

4

for which such entity or transferee is liable under § 550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

24.   Defendant has not paid or surrendered to the Plaintiff the National Steel Transfers, and, therefore, any unsecured claim which Defendant has filed must be disallowed.

WHEREFORE, the Trust requests that this Court enter judgment in its favor and against the Defendant on Count III as follows: (i) disallowing any and all claims of the Defendant against National Steel's estate under §§ 502(d) and 550 of the Bankruptcy Code; and (ii) granting such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

NSC CREDITOR TRUST

By:   /s/ Timothy R. Pohl
Timothy R. Pohl (ARDC No. 06208157)
Matthew M. Murphy (ARDC No. 06257958)
Brian P. Karpuk (ARDC No. 06272500)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
Tel: (312) 407-0700
Fax: (312) 407-0411

Counsel to the Trustee

## Exhibit A

| **Transferee** | **Check No.** | **Clear Date** | **Amount** |
| --- | --- | --- | --- |
| HEALTH ALLIANCE PLAN | 004289 | 2/21/2002 | $108,786.95 |
| HEALTH ALLIANCE PLAN | 004209 | 2/8/2002 | $33,339.08 |
| HEALTH ALLIANCE PLAN | 004254 | 2/15/2002 | $32,279.86 |
| HEALTH ALLIANCE PLAN | 004221 | 2/11/2002 | $18,466.98 |
| HEALTH ALLIANCE PLAN | 004397 | 3/4/2002 | $2,701.07 |
| HEALTH ALLIANCE PLAN | 901512 | 1/11/2002 | $866,374.33 |
| HEALTH ALLIANCE PLAN | 905152 | 3/4/2002 | $106,839.98 |
| HEALTH ALLIANCE PLAN | 905123 | 3/4/2002 | $102,178.18 |
| HEALTH ALLIANCE PLAN | 903843 | 2/4/2002 | $30,950.94 |
| HEALTH ALLIANCE PLAN | 904333 | 2/12/2002 | $1,991.86 |
| HEALTH ALLIANCE PLAN | 899686 | 12/10/2001 | $846,892.74 |
| **HEALTH ALLIANCE PLAN Total** | | | **$2,150,801.97** |